WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Rogers,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Shandra Gosney, et al.,<br><br>　　　　Defendants. | No. CV-16-08154-PCT-GMS<br><br>**ORDER** |
| Bobby-Jean Jones Colyer, et al.,<br><br>　　　　Counter-Claimants,<br><br>v.<br><br>Kathy Rogers,<br><br>　　　　Counter-Defendant. | |

Pending before the Court is the Motion to Remand of Plaintiff Kathy Rogers. (Doc. 9.) For the following reasons, the Court grants the motion.

**BACKGROUND**

Plaintiff Kathy Rogers, a resident of Missouri, originally filed this action in Yavapai County Superior Court on June 6, 2016, naming as defendants Bobby-Jean Jones Colyer, a resident of Idaho, and Shandra Gosney, whose state of residence is disputed. Defendant Colyer was served on June 21. Plaintiff attempted to serve Defendant Gosney in June and July, but was unsuccessful until July 28. Both Defendants filed a timely Notice of Removal with this Court on July 11, stating that removal was proper on the

basis of diversity jurisdiction. The Notice of Removal stated that "Defendant Shandra Gosney is a resident of the State of Arizona." (Doc. 1 at 2.) It also stated that the amount in controversy requirement was met, because Plaintiff certified that she sought damages in excess of $50,000, and that "[b]ased on Plaintiff's pleading," in which she "alleges damages for medical expenses, past and future, pain and suffering, loss of enjoyment of life and lingering disabilities, lost wages, and punitive damages," Plaintiff "seeks damages in excess of the $75,000 threshold for removal." (Doc. 1 at 2–3.) The Notice of Removal contained a statement that Shandra Gosney waived service.

The following day, Defendants filed a Corrected Notice of Removal stating that "At the time of the filing of the complaint Defendant Shandra Gosney was not a resident of the State of Arizona" but was instead "currently domiciled in a horse trailer in North Dakota" and "had not established residency in any particular place," although she "does sojourn from time to time in Arizona." (Doc. 7 at 2.) The amount-in-controversy paragraph was unchanged. The Corrected Notice of Removal did not contain a statement that Shandra Gosney waived service.

Plaintiff filed a motion to remand, asserting that Defendant Gosney is in fact a resident of the State of Arizona and that removal is thus improper under 28 U.S.C. § 1441(b)(2). Defendants filed a response asserting that Shandra Gosney is not a resident of Arizona and that even if she is, removal is proper because Gosney had not been served when the Notice of Removal was filed.

**DISCUSSION**

**I.     Legal Standard**

The removal statute, 28 U.S.C. § 1441, provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed

- 2 -

to federal court by the defendant."). In an action not involving a federal question, removal is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1332(a)(1). In an action removed based on diversity jurisdiction, the requisite diversity must exist at the time of removal. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he party asserting diversity jurisdiction bears the burden of proof.").

## II. Analysis

### A. Shandra Gosney's Domicile

Removal on the basis of diversity jurisdiction is not permitted if at least one of the defendants seeking removal is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). To establish citizenship in a particular state for diversity jurisdiction purposes, a party must be "domiciled" in that state. *See, e.g.*, *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Lew*, 797 F.2d at 749. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew*, 797 F.2d at 750. "'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" *Lew*, 797 F.2d at 749–50 (quoting *Owens v. Huntling*, 115 F.2d 160,

162 (9th Cir. 1940)); *see Holyfield*, 490 U.S. at 48. A change in domicile requires the confluence of physical presence at the new location with an intention to remain there indefinitely. *See, e.g.*, *Williamson v. Osenton*, 232 U.S. 619, 624 (1914); *Lew*, 797 F.2d at 750. A person's old domicile is not lost until a new one is acquired, and there is a presumption in favor of an established domicile as against an allegedly newly acquired one. *Lew*, 797 F.2d at 750–51.

Shandra Gosney was apparently domiciled in Arizona for several years prior to this action, including as recently as two weeks prior to the filing of the Notice of Removal. On March 7, 2012, in an action by Shandra Gosney to determine parental rights, the Maricopa County Superior Court found that Shandra Gosney resided in Scottsdale, Arizona. (Doc. 9-2 at 3.) On April 28, 2015, in a sworn and notarized Petition for Dissolution of Marriage, Shandra Gosney listed her mailing address as being in Scottsdale, Arizona. (Doc. 16-1 at 2.) On July 23, 2015, Shandra Gosney submitted a Verified Motion to Dismiss for Lack of Subject Matter Jurisdiction in a Colorado action regarding parental rights, attaching the Maricopa County Superior Court findings and specifically asserting that her residence, and that of her son, "has at all times remained in Arizona." (Doc. 9-3 at 3.) Finally, on June 28, 2016, in a Response to Verified Petition to Establish Step-Parent Visitation, Shandra Gosney admitted that she considered herself, and her son, to be "permanent residents of Maricopa County, Arizona."[1] (Doc. 9-1 at 2, 9). This statement was made less than two weeks prior to the filing of the Notice of Removal in this Court.

Defendants assert, however, that Shandra Gosney is no longer a domiciliary of Arizona. Specifically, Defendants state that Shandra Gosney is currently living in North Dakota, in a horse trailer registered in Colorado; "has not established residency in any particular place"; has "essentially bec[o]me homeless"; and "at the current time . . . believes it is most likely she will establish residency in Nevada," where her parents live

---

[1] Contrary to Defendants' assertions, this is an adoptive admission of a party opponent, and is not hearsay. *See* Fed. R. Evid. 801(d)(2)(B).

- 4 -

and where most of her property is currently stored. (Doc. 14 at 2–4.)

These assertions are insufficient to establish that Shandra Gosney is no longer domiciled in Arizona. In fact, they indicate just the opposite. Shandra Gosney was domiciled in Arizona in the years leading up to this action. A person's old domicile is not lost until a new one is acquired. *Lew*, 797 F.2d at 750. To acquire a new domicile, a person must have a "fixed habitation or abode in a particular place," with the intent "to remain there permanently or indefinitely." *Id.* at 749–50. If Shandra Gosney is currently living in one state, essentially homeless, and believes that she will in the future establish residency in a different state, she has not met this standard.

"The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 852 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Defendants have not met this burden, and the Court accordingly treats Shandra Gosney as an Arizona domiciliary for purposes of removal jurisdiction.

### B. The "Properly Joined and Served" Language

While removal on the basis of diversity jurisdiction is impermissible if there is an in-state defendant, the text of the removal statute limits that prohibition to in-state defendants who are "properly joined and served." 28 U.S.C. § 1441(b). Defendants assert that even if Shandra Gosney is domiciled in Arizona, removal jurisdiction is still proper because Gosney was not served prior to the filing of the Notice of Removal.

The Ninth Circuit has not addressed whether the presence of an unserved in-state defendant precludes removal based on diversity jurisdiction. The Ninth Circuit and other circuits have, however, stated that even unserved defendants must be considered in determining whether diversity exists. *See Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78–79 (9th Cir. 1979); *see also N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1158–61 (8th Cir. 1981).

Other district courts in the Ninth Circuit have found that the "properly joined and served" language does not permit removal in all cases where an in-state defendant has not yet been served, but only those where the in-state defendant was fraudulently joined. *See Mass. Mut. Life Ins. Co. v. Mozilo*, No. 2:12-cv-03613-MRP-MAN, 2012 WL 11047336, at *1 (C.D. Cal. June 28, 2012); *Khashan v. Ghasemi*, CV10-00543 MMM (CWx), 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010); *Standing v. Watson Pharm., Inc.*, CV 09-0527 DOC(ANx), 2009 WL 842211, at *5 (C.D. Cal. Mar. 26, 2009). This view is persuasive, for reasons expressed by the District of New Jersey:

> [I]t is inconceivable that Congress, in adding the "properly joined and served" language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process.

*Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 645 (D.N.J. 2008).

The Court adopts this understanding of § 1441(b), and finds that whether or not Gosney's waiver of service in the initial Notice of Removal remains effective without being repeated in the Corrected Notice of Removal, her status as an in-state defendant precludes removal jurisdiction, absent evidence of fraudulent joinder.

### C. Allegations of Fraudulent Joinder

Defendants do argue that Shandra Gosney was joined in this action in a fraudulent attempt to defeat removal jurisdiction. (Doc. 14 at 5.) The bar for showing fraudulent joinder is a high one. "'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)), *cert. denied*, 525 U.S. 963 (1998).

There is a presumption against a finding of fraudulent joinder. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). A defendant "'must demonstrate that there is *no possibility the plaintiff will be able to establish a cause of*

*action* in state court against the alleged sham defendant.'" *Diaz*, 185 F.R.D. at 586 (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "[I]t must appear to a 'near certainty' that joinder was fraudulent." *Id.* (quoting *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)). "'The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.'" *Id.* (quoting *Lieberman v. Meshkin, Mandarini*, No. C-96-3344 SI, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996)). "In determining whether a defendant was joined fraudulently, the court resolves 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Lieberman*, 1996 WL 732506, at *2 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

Defendants argue that the joinder of Shandra Gosney is fraudulent because "Plaintiff is and should be aware that Defendant Gosney did not physically engage in any way with Plaintiff." (Doc. 14 at 5.) Regardless of any evidence Defendants cite in support of this position, Plaintiff asserts otherwise in her Complaint. (Doc. 7-1 at 3.) This is a disputed question of fact, raising at least a possibility that Plaintiff will succeed on the merits of her claim, and leaving no basis for the Court to find fraudulent joinder. Further, while Defendants assert that Shandra Gosney was joined merely so that "a third party" could "use the legal process to harass" her, (Doc. 14 at 6), the Court "need not inquire into plaintiff's motives" so long as there is an objective basis for the joinder. *See Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

### D. Attorneys' Fees

The removal statute provides that a district court may require payment of costs and attorneys' fees incurred as a result of an improper removal. 28 U.S.C. § 1447(c). Absent unusual circumstances, however, costs and fees "'should not be awarded when the removing party has an objectively reasonable basis for removal.'" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). Plaintiff argues that she is entitled to an award of costs and fees in this

1  case because there was no objectively reasonable basis for Defendants' removal. (Doc. 9
2  at 3.) Defendants' arguments on Gosney's domicile and the "properly joined and served"
3  language of § 1441(b) are not objectively unreasonable, and the Court will not award fees
4  to Plaintiff.

## CONCLUSION

Defendant Shandra Gosney is a domiciliary of Arizona. Removal is improper under the in-state defendant rule of 28 U.S.C. § 1441, and that statute's "properly joined and served" limitation does not apply here.

**IT IS THEREFORE ORDERED** that the Motion to Remand of Plaintiff Kathy Rogers (Doc. 9) is **GRANTED** and directing the Clerk of Court to remand this matter back to Yavapai County Superior Court.

**IT IS FURTHER ORDERED** denying the Plaintiff's request for attorneys' fees.

Dated this 14th day of September, 2016.

_____
Honorable G. Murray Snow
United States District Judge